IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Steve Madden, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 2127 |
| | ) | |
| Precision Recovery Analytics, Inc., a | ) | |
| Texas corporation, Paragon Way, Inc., | ) | |
| a Texas corporation, Creditors | ) | |
| Interchange Receivable Management, | ) | |
| LLC, a Delaware limited liability | ) | |
| company, and National Enterprise | ) | |
| Systems, Inc., an Ohio corporation, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Steve Madden, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) most of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Steve Madden ("Madden"), is a citizen of the State of Kentucky, from whom Defendants attempted to collect a delinquent consumer debt owed on a GE Money Bank account, despite the fact that he was represented by the legal aid

attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

    4.    Defendant, Precision Recovery Analytics, Inc. ("Precision"), is a Texas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Precision operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Precision was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

    5.    Defendant, Paragon Way, Inc. ("Paragon"), is a Texas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Paragon operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Paragon was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

    6.    Defendant Precision is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, including LTD Financial Service, Paragon Way, Creditors Interchange Receivable Management and National Enterprise Systems.  Moreover, Defendants Precision and Paragon Way are related and/or sister companies.

    7.    Defendant, Creditors Interchange Receivable Management, LLC ("CIRM"), is a Delaware limited liability company that acts as a debt collector, as defined by §

1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. CIRM operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant CIRM was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

8. Defendant, National Enterprise Systems, Inc. ("NES"), is an Ohio corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. NES operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant NES was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

9. All of the Defendants are authorized to conduct business in Illinois and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct business in Illinois.

10. Moreover, all of the Defendants are licensed as collection agencies in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants act as debt collectors in Illinois.

**FACTUAL ALLEGATIONS**

11. Mr. Madden is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a consumer debt he owed to GE Money Bank. At some point in time after that debt became delinquent, it was bought by

3

Defendant Precision, who then had Defendant Paragon begin collection action on it by having another debt collector, LTD Financial Services, send Mr. Madden an initial collection letter, dated June 25, 2010. A copy of this letter is attached as Exhibit C. Mr. Madden then sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.

12. Accordingly, on August 9, 2010, one of Mr. Madden's attorneys at LASPD informed Defendants Precision and Paragon, through their agent, LTD, that Mr. Madden was represented by counsel, and directed Defendants to cease contacting him, and to cease all further collection activities because Mr. Madden was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

13. Undeterred, Defendants Precision and Paragon then had Defendant CIRM send Mr. Madden a collection letter, dated November 9, 2010, which demanded payment of the GE Money Bank debt. A copy of this collection letter is attached as Exhibit E.

14. Moreover, Defendants Precision and Paragon then also had Defendant NES send Mr. Madden collection letters, dated December 17, 2010, January 31, 2011 and March 16, 2011, which demanded payment of the GE Money Bank debt. Copies of these letters are attached as Group Exhibit F.

15. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the

"unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And To Cease Collections

17.     Plaintiff adopts and realleges ¶¶ 1-16.

18.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

19.     Here, the letter from Mr. Madden's agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

20.     Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21.     Plaintiff adopts and realleges ¶¶ 1-16.

22.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

23.     Defendants knew, or readily could have known, that Mr. Madden was represented by counsel in connection with his debts because his attorneys at LASPD

5

had informed Defendants, in writing (Exhibit D), that Mr. Madden was represented by counsel, and had directed a cessation of communications with Mr. Madden.  By directly sending Mr. Madden a collection letters, despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Steve Madden, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Madden, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Steve Madden, demands trial by jury.

Steve Madden,

By: /s/ David J. Philipps  
One of Plaintiff's Attorneys

Dated:  March 28, 2011

David J. Philipps     (Ill. Bar No. 06196285)  
Mary E. Philipps     (Ill. Bar No. 06197113)  
Philipps & Philipps, Ltd.  
9760 S. Roberts Road  
Suite One  
Palos Hills, Illinois 60465  
(708) 974-2900  
(708) 974-2907 (FAX)  
davephilipps@aol.com  
mephilipps@aol.com

6